UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>John Idicula<br>Social Security Number: XXX-XX-9843<br><br><br>Debtor(s) | Affirmation in Support of Motion for Relief From Automatic Stay Under 11 U.S.C. 362<br><br>Chapter 7<br>Case Number 12-12120<br>Honorable: Martin Glenn<br><br>Property 2219 Cincinnatus Avenue Bronx, NY 10473<br>Firm Code: 112778986 |

Ted Eric May, an attorney duly licensed to practice law before this Court, hereby affirms the foregoing under the penalties of perjury:

1. Select Portfolio Servicing, Inc., as Servicing Agent (Hereinafter "Servicing Agent") on behalf of U.S. Bank National Association, as trustee, on behalf of the holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series AEG 2006-HE1 Asset Backed Pass-Through Certificates, Series AEG 2006-HE1, (hereinafter "Secured Creditor") by and through their attorneys, moves this Court for an Order modifying the automatic stay, pursuant to U.S.C. §362(d).

2. Jurisdiction is conferred on this Court by the provisions of 28 U.S.C. §1334. This is a proceeding to terminate and annul the automatic stay and is a "Core Proceeding" within the meaning of 28 U.S.C. §157 (b) (2) (g).

3. The Debtor filed a petition for relief under the Bankruptcy Code on May 15, 2012. By virtue of the automatic stay provisions of the Bankruptcy code §362, the filing of the Petition by the Debtor operated, inter alia, as a stay of the continuation or commencement of any court proceeding to enforce any lien against the property of Debtor.

4. The Debtor(s) executed a Note (See Exhibit "A") and Mortgage in favor of the mortgagee to secure the repayment of loan as against the property commonly known as 2219 Cincinnatus Avenue Bronx, NY 10473. (See Exhibit "B.")

5. The Servicing Agent is the Attorney in Fact for the Secured Creditor by virtue of a Power of Attorney. (See Exhibit "C.")

6. A recent Appraisal/Broker's Price Opinion for the property known as 2219 Cincinnatus

Avenue Bronx, NY 10473 is attached hereto as Exhibit "D." The current amount due and owing under the mortgage is 639,365.23. In addition, the Secured Creditor has now incurred legal fees and costs in the amount of Five Hundred and 00/100 ($500.00) Dollars.

7.  As shown on the Declaration of the Servicing Agent for the Secured Creditor, mortgage arrearage has accumulated for the monthly installments of November 2009 through June 2010 by failure to pay the amounts of $4519.05, July 2010 through August 2012, by failure to pay the amount(s) of $4,213.52 per month, totaling $145,703.92 up to and including and through August 31, 2012.

8.  By failing to make current mortgage payments pursuant to the terms and conditions of the note and mortgage executed by the Debtor(s), the Debtor(s) have failed to comply with their obligations under the note and mortgage as well as the Bankruptcy Code.

9.  The automatic stay will be vacated where a creditor lacks adequate protection for use by the debtor of property in which the creditor has a security interest. 11 U.S.C. §362(d)(1). The burden of demonstrating that the creditor enjoys adequate protection is on the Debtor. 11 U.S.C. §362(g)(2). Section 361 of the United States Bankruptcy Code provides, in relevant part, that adequate protection may be provided by (1) periodic cash payments, (2) additional or replacement liens, and (3) such other relief as will result in the realization by the creditor of the indubitable equivalent of its security interest in the property. See United Savings Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd., 484 U.S. 365 (1988). On account of the Debtor's Petition and the proceedings and communications had in connection therewith including, without limitation, the present motion Secured Creditor has incurred and will continue to incur additional costs for attorneys' fees and disbursements.

10. No prior application has been made for the relief requested herein.

11. U.S. Bank National Association, as trustee, on behalf of the holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series AEG 2006-HE1 Asset Backed Pass-Through Certificates, Series AEG 2006-HE1 has standing to bring this motion by virtue of the fact that the note was transferred by way of an allonge. (See Exhbit "C."). In re Mims, 438, B.R. 52, 56 (Bankr. S.D.N.Y. 2010). The Mortgage passes as an incident to the note. Kluge v. Fugazy, 145 A.D.2d 537 (2d Dept. 1988) (citing cases); see also HSBC Bank USA, Nat. Ass'n v. Miller, 26 Misc.3d 407, 411-12 (N.Y. Sup. Ct., Sullivan County 2009); See also In re Escobar, Nos. 11-71114-ast, 11-71135-ast, 2011 WL 3667550, at *9 (Bankr. E.D.N.Y. Aug. 22, 2011)

(Trust,J).

**WHEREFORE**, Secured Creditor prays for the entry or an Order modifying the automatic stay as to Secured Creditor, to allow the commencement or resumption of mortgage foreclosure proceedings with respect to the subject property.

Dated: October 10, 2012
    Rockville Centre, New York

Respectfully submitted
Sheldon May & Associates, P.C.

/S/Ted Eric May, Esq.
By: Ted Eric May (3313)
255 Merrick Road
Rockville Centre, New York 11570